IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kim Purnell,   #316854, | ) | Civil Action No.: 3:11-2593-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2254.

This matter is now before the court with the [Docket Entry 8] Report and Recommendation ("R &

R") of United States Magistrate Judge Joseph R. McCrorey[1] filed on October 7, 2011, in which the

Magistrate Judge recommends that Petitioner's [Docket Entry 1] § 2254 Petition should be

"summarily dismissed, without prejudice and without requiring Respondent to file a return." R &

R at 2.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the court.

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B) and Local
Rule 73.02(B)(2)(c), D.S.C.

report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

In his R & R, the Magistrate Judge began by noting that "Petitioner ha[d] previously filed a § 2254 petition in this Court challenging th[e] same state court conviction and sentence" that he now challenges in the instant § 2254 Petition, and that "[i]n that [previous] case, Respondent's motion for summary judgment [had been] granted and [the] § 2254 Petition [] dismissed by this Court." R & R at 1 (citing *Purnell v. Warden Ridgeland Correctional Institution*, C/A No.: 3:09-cv-2424-RBH (D.S.C. 2009)). The R & R then continued as follows, in pertinent part:

> Pursuant to . . . statute and rule, when a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(a). . . . Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this Court to consider this successive § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court convictions and sentences in this Court. Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

R & R at 4-5. Accordingly, the Magistrate Judge recommended that the undersigned should dismiss the pending § 2254 Petition without prejudice.

2

Petitioner's objections to the R & R were due by October 24, 2011. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). To date, Petitioner has not filed any objections to the R & R. The court does note that, after his deadline for filing objections expired, Petitioner did file a Motion to Stay[2] on October 27, 2011.[3] *See* Motion to Stay [Docket Entry 11]. However, nowhere in that Motion to Stay did Petitioner seek an extension of time for filing objections, nor did he address the Magistrate Judge's conclusion that his § 2254 Petition should be dismissed for failure to obtain the required *pre-filing* authorization from the Fourth Circuit Court of Appeals. Accordingly, because Petitioner failed to object to the Magistrate Judge's R & R, the court adopts the R & R after reviewing the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

### Conclusion

The court has thoroughly reviewed the entire record and applicable law. For the reasons stated above, the court hereby adopts and incorporates by reference the Magistrate Judge's R & R. It is therefore **ORDERED** that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED** without prejudice and without issuance and service of process

---

[2] In his Motion to Stay, Petitioner "request[ed] that the court please stop all procedure(s) in the above case in order for [his] famil[]y to hire an attorney to argue the above case on [his] behalf." However, upon review, the court concludes that the Motion to Stay should be denied. First and foremost, as discussed above, the Motion to Stay was *untimely filed* after expiration of Petitioner's deadline for filing objections. More importantly, as noted by the Magistrate Judge, this court is without jurisdiction to even consider the instant § 2254 Petition as "Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application." R & R at 5. Therefore, the court shall deny the Motion to Stay and dismiss the § 2254 Petition. The court does note, however, that this dismissal will be without prejudice to Petitioner's right to re-file a § 2254 Petition *after* he obtains the required authorization from the Fourth Circuit Court of Appeals.

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court). *See* Envelope [Docket Entry 10-1].

upon Respondent.  In addition, Petitioner's Motion to Stay is hereby **DENIED**.

     **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the

Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).

     **IT IS SO ORDERED.**


      s/R. Bryan Harwell
     R. Bryan Harwell
     United States District Judge

Florence, South Carolina
November 8, 2011

4